**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-04157-RMR-TPO

SUSAN SAMPSON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

KINDRED HOSPITALS WEST, L.L.C, and SCCI HOSPITALS OF AMERICA, LLC,

Defendants.

---

# PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

---

Plaintiff Susan Sampson ("Plaintiff" or "Sampson"), by and through her undersigned counsel, hereby files her Motion for Leave to File First Amended Class Action Complaint ("Motion").

## CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff's counsel and Defendants Kindred Hospitals West, L.L.C. ("Defendant Kindred") and SCCI Hospitals of America, LLC's ("Defendant SCCI") (together, "Defendants") counsel conferred by telephone on August 21, 2026 regarding the subject matter of this Motion. Plaintiff's counsel has also conferred with Defendants' counsel via email and asked for Defendants' position regarding this Motion on at least nine separate days starting on August 13, 2026. To date, Defendants have not provided Plaintiff with a substantive response, necessitating this Motion.

///

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff seeks leave to file a First Amended Class Action Complaint ("FAC") to join Lisa Gaylor (the "Additional Plaintiff" or "Gaylor") as an additionally named Plaintiff and class representative, along with Sampson, in the above captioned matter. Specifically, Plaintiff seeks leave to amend her Class Action Complaint to add the Additional Plaintiff as a named Plaintiff and class representatives and to add the Additional Plaintiff's relevant factual allegations. The interests of justice and judicial economy are served by adding the Additional Plaintiff to ensure the named Plaintiffs are representative of the proposed class, and Defendants cannot demonstrate that Plaintiff filing the FAC and adding the Additional Plaintiff will prejudice it in any legally cognizable manner, especially since the claims of the Additional Plaintiff arise out of the same acts or occurrences, and no additional claims are being added to the FAC.

By agreement of the Parties, the deadline for joinder of parties and amendment of pleadings is October 12, 2026, so this Motion is timely. The discovery cutoff date, which is February 27, 2027, is over five months away. No class certification or dispositive motions have been filed or ruled upon in this case, and the Additional Plaintiff and class representative is appropriate to fully and adequately represent the interests of the putative class in this case. Furthermore, courts routinely grant leave to add additional named plaintiffs in similar circumstances. Accordingly, Plaintiff respectfully requests the Court grant leave to file the proposed FAC.

## II. STATEMENT OF RELEVANT FACTS

On November 11, 2025, Plaintiff filed her Class Action Complaint in the Denver County District Court, alleging three causes of action for Defendants' failure to ensure she

and putative class members received all required meal and rest breaks during their shifts and all pay for missed and recorded meal breaks and missed rest breaks during their shifts. Dkt. 6. On December 23, 2025, Defendants removed Plaintiff's action to this Court. Dkt. 1. On June 1, 2026, this Court entered a Scheduling Order setting a February 27, 2027 deadline for the Parties to complete their first phase of discovery and for Plaintiff to file a Motion for Class Certification. Dkt. 28 at 14. The Scheduling Order also set a June 22, 2026 deadline for joinder of parties and amendment of pleadings. *Id.* at 13.

On June 16, 2026, July 20, 2026, August 10, 2026, and September 8, 2026, Plaintiff's counsel requested and Defendants' counsel granted extensions to the Scheduling Order deadline for joinder of parties and amendment of pleadings, which were largely as a result of conferrals regarding Defendants' delays in producing relevant and necessary supplemental discovery to Plaintiff. Declaration of Brian Denlinger in Support of Plaintiff's Motion for Leave ("Denlinger Decl."), ¶ 3. Pursuant to the parties' extension agreements, the parties' deadline for joinder of parties and amendment of pleadings is October 12, 2026. *Id.*

On August 13, 2026, Plaintiff's counsel informed Defendants' counsel via email that their firms were retained by Gaylor—another employee of Defendants with missed meal and rest break claims—that Plaintiff intends to add Gaylor as a named plaintiff and class representative, plus Plaintiff's counsel provided Defendants' counsel with a copy of the proposed FAC and asked if Defendants consent to Plaintiff amending her Complaint to add Gaylor, i.e., the Additional Plaintiff. Denlinger Decl., ¶ 4, Ex. 3. On at least nine additional dates between August 19, 2026 and September 17, 2026, including a telephonic meet and confer conversation on August 21, 2026, Plaintiff asked Defendants

for an answer regarding whether they would consent to Plaintiff's proposed FAC. *Id.* To date, Defendants have never provided Plaintiff with a substantive answer. *Id.*

Gaylor, the Additional Plaintiff, has worked for Defendants during the time period relevant to this action in a different job position from Sampson, has the same unpaid meal and rest break claims as Sampson, and has retained Plaintiff's counsel for purposes of being added as named plaintiff and class representative in this action. *Id.* ¶ 5; Ex. 1-2.

## III. LEGAL STANDARD

Fed. R. Civ. P. 15 governs amended pleadings. Under Rule 15(a), a party may amend their pleading once as a matter of course at any time within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, 2009 U.S. Dist. LEXIS 119699, at *3 (D. Colo. Dec. 3, 2009) (citations omitted). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

## IV. ARGUMENT

Plaintiff is requesting leave to amend her Complaint for the first time in light of the

ongoing discovery process, Defendants' argument that "Plaintiff is not an adequate or typical representative of any class" since "Colorado employees working under different supervisors, or in different job positions, or different shifts with disparate meal and rest break requirements, or at other facilities, would have materially different break experiences than those alleged by Plaintiff" (Dkt. 28 at 4), and because the Additional Plaintiff has identical claims for Defendants' failure to provide and compensate for missed meal and rest breaks.

As shown below, leave should be freely given to Plaintiff to amend her Complaint to add the Additional Plaintiff because Plaintiff's request for leave to amend is made in good faith; is not futile, but to the contrary, will assist the parties and the court in showing that Plaintiff's meal and rest break claims are viable on a company-wide basis; and Defendants will suffer no prejudice, as it is early in this case and the discovery cutoff is not until February 27, 2027, so Defendants can take any discovery or depositions needed of the Additional Plaintiff and there are no new causes of action alleged. Consistent with the foregoing, Plaintiff respectfully requests the Court's leave to file the proposed FAC. See Exhibits 1 and 2 to the Denlinger Decl. for redlined and clean versions of the proposed FAC, respectively.

**A. Courts Routinely Grant Leave to Add Named Plaintiffs and Putative Class Representatives**

As recognized by this Court, a primary concern of Fed. R. Civ. P. 23 is to protect putative class members and to ensure their rights have been given due regard, and named plaintiffs and class representatives have a fiduciary duty to protect the interests of the class as a whole, and must "prosecute the action vigorously" on behalf of the class.

*Kalera v. Modivcare, Inc.*., 2025 U.S. Dist. LEXIS 222023, at *8 (D. Colo. Oct. 27, 2025).

Based on the Rule 15(a) requirement that leave to amend be freely given, this Court has granted leave to amend to add named plaintiffs and class representatives when the amendment does not affect the viability of the class claims or unduly prejudice the defendant. In *Davis v. TTEC Healthcare Solutions, Inc.*, this Court recommended granting leave to add and substitute several class representatives even though the deadline for amendment had passed more than a year earlier. 2022 U.S. Dist. LEXIS 7887, at *5-12 (D. Colo. Jan. 14, 2022). The addition and substitution of proposed representatives was granted because it preserved claims that had already been part of the litigation, the Court found the prejudice to the defendants "is minimial[,]" and the Court was "guided by case law indicating that substitution of class representatives should be granted liberally." *Id.* (citing cases).

Federal courts within the Tenth Circuit have also taken a liberal approach when it comes to the addition or substitution of class representatives. *See Martinez v. FedEx Ground Package System, Inc.*, 2022 U.S. Dist. LEXIS 138674, at *4-11 (D.N.M. Aug. 4, 2022) (granting leave to add a new named class representative long after the pleading amendment deadline and after the initial discovery deadline had passed after finding that "Granting Plaintiff's motion to amend to add a class representative will not change Plaintiff's class claims or theory of liability" and that "delay associated with [] additional discovery would create little prejudice" ); *Motor Fuel Temperature Sales Practices Litig. v. Exxon Mobil*, 2009 U.S. Dist. LEXIS 88793, at *35-42 (D. Kan. Sept. 24, 2009) (finding good cause for a plaintiff to substitute new class representatives after the deadline to amend had expired and determining that allowing substitution of plaintiffs would not

unduly prejudice defendants, as the proposed plaintiffs agreed to respond to discovery and the claims asserted were not substantively altered); *Archuleta v. City of Santa Fe*, 2014 U.S. Dist. LEXIS 205987, at *12-14 (D.N.M. Dec. 22, 2014) (permitting substitution of proposed class representatives more than a year after the pleading amendment deadline); *Culver v. Saint Francis Health Sys*., 2025 LX 429708, at *25-28 (N.D. Okla. Oct. 8, 2025) (granting amendment to substitute a new named plaintiff after the court's deadline for amendment and joinder had passed).

Numerous other courts have also allowed the addition and/or substitution of named plaintiffs when the withdrawal does not affect the viability of the class claims. *See Phillips v. Ford Motor Co*., 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.) (noting that "substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally unexceptionable ("routine") feature of class action litigation . . . ." and collecting cases); *Nilon v. Natural-Immunogenics Corp*., 2014 U.S. Dist. LEXIS 117539, at *7-9 (S.D. Cal. Aug. 20, 2014) (allowing substitution of class representative because: there was no undue delay in moving for the substitution; no prejudice arose since the plaintiff did not "seek[] to start a case all over again and negate work that's already been done, or gain a tactical advantage in litigation[;]" and because the defendant still needed to depose the lead plaintiff, and the substituting plaintiff's claims and requests for relief were identical to those of the original plaintiff's); *Chao Chen v. GEO Grp., Inc*., 2018 U.S. Dist. LEXIS 99249, at *2-6 (W.D. Wash. June 13, 2018) (granting pre-certification addition of three individuals as named plaintiffs and class representatives); *Sampson v. Knight Transportation, Inc*., 2017 U.S. Dist. LEXIS 153619, at *4-10 (W.D. Wash. Sept. 19, 2017) (granting plaintiff's motion for leave to

amend to add an additional plaintiff—and two defendants—where "the plaintiff's claims are identical [and] they necessarily turn on the same questions of law that would determine the defendant's liability."); *A-1 Advanced Moving & Storage, Inc. v. Norvergence, Inc.*, 424 B.R. 663, 702 (Bankr. D.N.J. 2010) (granting plaintiffs motion to amend in order to add new plaintiffs, which "must be freely granted[,]" because the defendants did not "carry the burden to show prejudice . . . undue delay, bad faith, or futility of amendment by the proposed addition of Plaintiffs."); *Josephat v. St. Croix Alumina LLC*, 2000 U.S. Dist. LEXIS 13102, at *43-44 (D.V.I. Aug. 7, 2000) (granting motion to add additional plaintiffs, noting that "Defendants have failed to show that their case would be severely impaired should the Court grant Plaintiffs leave to amend . . . because discovery in the instant action is ongoing [and] Defendants will not be unduly burdened should they choose to serve the newly named Plaintiffs with discovery[,]" and recognizing the additional plaintiffs are necessary "to more efficiently represent the proposed class which Plaintiffs are attempting to have certified [and] the putative Plaintiffs will be more representative of the proposed class."); *Kirby v. McMenamins Inc.*, 2023 WL 4623988, at *4-5 (W.D. Wash. July 19, 2023) (finding no prejudice in appointing additional class representatives and that the new representatives would help better address whether defendant had common policies that violated the law); *Vulcan Soc. of Westchester County v. Fire Dep't of White Plains*, 82 F.R.D. 379, 385-86 (S.D.N.Y. 1979) (granting plaintiffs' motion to amend the complaint to join an additional plaintiff, and defendants, and holding that "defendants have not satisfied this court that they will be sufficiently prejudiced to justify a denial of the motion…and there will not be any substantial adverse affect to the

trial preparations."); *Diaz v. Nintendo of America, Inc.*, 2007 WL 9775558, at *2 (W.D. Wash. Jul 2, 2007) (granting Plaintiffs' request to add two new class representatives).

**B. The Court Should Grant Plaintiff's Motion for Leave to File a FAC**

Here, the interests of justice are clearly served by having all disputed matters between the parties adjudicated in this class action lawsuit. This is especially true here, where Plaintiff and the Additional Plaintiff are both putative class members, and their alleged wage-and-hour violations arise out of Defendants' same uniform policies and practices that gave rise to the instant action. Denlinger Decl., ¶¶ 4-6, Exs. 1-2. Allowing the Additional Plaintiff to be added as a named plaintiff and putative class representative enables the parties and the Court to efficiently resolve the class claims—i.e., whether Defendants properly compensated employees for missed, recorded meal periods and whether Defendants authorized and permitted ten-minute rest periods and compensated employees for missed rest periods—in one action on the merits.

Moreover, there has been no excessive delay in seeking the proposed amendment. This Motion is timely pursuant to the Parties' extension agreements and was filed within weeks after Plaintiff's counsel was retained by the Additional Plaintiff to represent her in connection with identical wage-and-hour claims alleged by Plaintiff Sampson. Plaintiff's counsel promptly informed Defendants of its desire to amend the Complaint. Indeed, only one day after the Additional Plaintiff retained Plaintiff's counsel, Plaintiff's counsel contacted Defendants and asked whether they would stipulate to adding her to the action through the proposed FAC. Denlinger Decl., ¶¶ 4-6.

Defendants cannot demonstrate any prejudice in the proposed FAC, which merely adds the Additional Plaintiff—who is already a putative class member in this action—and

her missed and unpaid meal and rest period factual allegations. *Id.* ¶ 6, Exs. 1-2. Furthermore, the parties are still in an early stage of discovery, Defendants have not yet taken the deposition of Plaintiff Sampson, and the discovery cut-off is not until February 27, 2027. *Id.* ¶ 7; Dkt. 28. There is no "bad faith or dilatory motive" *Bylin*, 568 F.3d at 1229. The proposed FAC does not substantively change the nature of this class action, but merely adds the Additional Plaintiff as a class representative and adds the factual allegations directly relevant to the Additional Plaintiff. The Court should grant leave to amend because adding the Additional Plaintiff does not affect the viability of the class claims, she has retained Plaintiff's counsel and is a member of the putative class, she alleges identical claims as Plaintiff Sampson, and she has indicated a willingness to immediately serve as the class representative and fulfill all duties associated with serving as a putative class representative. Denlinger Decl., ¶¶ 4-6, 8.

With regard to the requirement that the amendment not prejudice the other party, Colorado appellate courts have determined that prejudice is minimal where an amendment "arose out of the same transaction that gave rise to the original complaint. . . ." *Super Valu Stores, Inc. v. Dist. Ct.*, 906 P.2d 72, 80 (Colo. 1995). Where the addition of a new party does not substantially alter the legal obligations of the other party, the amendment does not prejudice the non-amending party. Here, Plaintiff should be granted leave to amend because adding the Additional Plaintiff as a named Plaintiff and class representative does not alter the class action theories of liability alleged by Plaintiff in the operative Complaint. The Additional Plaintiff was already a member of the putative class, and her rights were already at stake in this lawsuit. Accordingly, changing the status of the Additional Plaintiff from a class member to a named plaintiff does not put Defendants

at a disadvantage from the perspective of marshalling evidence or conducting discovery relevant to the instant case. As discussed above, there is still ample time for Defendants to conduct discovery, including taking the deposition of the Additional Plaintiff. Simply put, adding the Additional Plaintiff as the named Plaintiff assures that the putative class is effectively represented and thereby increases the likelihood that the causes of action alleged by Plaintiff on behalf of the putative class will be adjudicated on the merits, which is precisely what the basic policy of liberally granting motions for leave to amend dictates. For all of these reasons, there will be no prejudice to Defendants if the Court allows this amendment and the filing of the proposed FAC.

Rather, it would be error to deny the amendments to the extent Defendants cannot demonstrate any prejudice from the proposed amendment. Denying Plaintiff leave to amend would prejudice the Additional Plaintiff and the putative class by forcing them to file or litigate separate actions with identical claims. As explained above, Defendants cannot assert the passage of time as a basis for any prejudice. The proceeding is at an early stage with a February 27, 2027 discovery deadline, and no substantive motions have been filed or ruled on in this action. The proposed amendments in the FAC increase the likelihood that the causes of action alleged by Plaintiff on behalf of the putative class will be fully and economically adjudicated on the merits in a sensible way in one forum, which will foster judicial economy and prevent duplicative discovery and the possibility for inconsistent decisions on the merits. Defendants thus cannot demonstrate any prejudice flowing from Plaintiff's proposed FAC.

## V. CONCLUSION

For the stated reasons, Plaintiff respectfully requests that the Court grant leave to

file the clean version of the proposed FAC, a redlined version of which is attached as Exhibit 1 to the Denlinger Decl. and the clean version of which is attached as Exhibit 2 thereto. Plaintiff further requests that the FAC be deemed filed as of the date that the Court rules on this motion.

Respectfully submitted this 18th day of September, 2026.

ACKERMANN & TILAJEF, P.C.
HOOD LAW OFFICE, PLLC
BRIAN D. GONZALES, PLLC
SHANBERG STAFFORD LLP

By: */s/Brian Denlinger*__________
Brian Denlinger
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone: (253) 625-7720
bd@ackermanntilajef.com

Alexander Hood
1312 17th Street, #1028
Denver, Colorado 80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

Brian D. Gonzales
2580 East Harmony Road, Suite 201
Fort Collins, CO 80528
(970) 214-0562
bgonzales@coloradowagelaw.com

Ross Shanberg
Shane Stafford
4100 Newport Place Dr. Ste 820
Newport Beach, CA 92660
Telephone: (949) 205-7515
rshanberg@ssbfirm.com
sstafford@ssbfirm.com

*Counsel for Plaintiff*

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

| | | |
|---|---|---|
| Joseph Windsor Ozmer II | ☒ | via CM/ECF System |
| J. Scott Carr | ☐ | via Electronic Mail |
| KABAT CHAPMAN & OZMER LLP | ☐ | via USPS Mail |
| 171 17th Street, NW Suite 1550 | ☐ | via Federal Express |

Atlanta, Georgia 30363
(404) 400-7300
jozmer@kcozlaw.com
scarr@kcozlaw.com

Kimberly J. Willis
Lillian G. Holbrook
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
(303) 295-8000
KJWillis@hollandhart.com
LGHolbrook@hollandhart.com

*Counsel for Defendants*

DATED this 18th day of September, 2026.

*/s/Jaclyn Blackwell*
Jaclyn Blackwell